22-6209
Singh v. Garland

BIA
Palmer, IJ
A206 443 303

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> ROBERT D. SACK,
> BETH ROBINSON,
> *Circuit Judges.*

_____

KULWINDER SINGH,
> *Petitioner,*

v.                                                                   **22-6209**
                                                                      **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Jaspreet Singh, Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Sanya Sarich Kerksiek, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kulwinder Singh, a native and citizen of India, seeks review of a March 30, 2022, decision of the BIA affirming a May 24, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kulwinder Singh* , No. A 206 443 303 (B.I.A. Mar. 30, 2022), *aff'g* No. A 206 443 303 (Immig. Ct. N.Y. City May 24, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review an adverse credibility determination "under the substantial evidence

2

standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao,* 891 F.3d at 76.

3

Singh alleged that he feared persecution as a member of the Shiromani Akali Dal Amritsar ("SADA") Party because he was assaulted once by the police, and his father and brother had previously fled India after facing similar persecution. Substantial evidence supports the agency's adverse credibility determination.

First, the IJ reasonably relied on inconsistencies between Singh's statements and his corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh wrote in his application that he was beaten by the police once on February 14, 2014, and he explicitly confirmed at his hearing that he was only assaulted once. However, the supporting letters he provided from a religious leader and two people in his community aver that he was beaten by the police more than once, and that he was physically attacked, rather than threatened, in March 2014. This inconsistency is substantial because it goes to the harm Singh allegedly suffered and calls the reliability of his documentary evidence into question. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [an applicant]'s story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (quotation marks and citation omitted)). The IJ was not required to accept Singh's explanation that these were

4

typographical errors because the letters explicitly stated that there were two physical attacks. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Second, having questioned Singh's credibility, the IJ reasonably relied on his failure to rehabilitate his testimony with reliable corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ was not required to credit the letters from the SADA representative and Singh's mother over his other, inconsistent evidence; neither letter was a contemporaneous account, the party representative made only a general statement that "Singh was tortured, arrested and beaten during police custody due to his father's association with our party," his mother was an interested witness, and neither declarant was available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an

applicant's documentary evidence."); *see also Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (concluding that "IJ acted within her discretion in according . . . little weight to letters from applicant's wife and friend "because the declarants (particularly [the applicant's] wife) were interested parties and neither was available for cross-examination").

Moreover, the IJ reasonably relied on Singh's failure to present evidence from his father and brother confirming their own persecution. Contrary to Singh's position, because Singh's credibility was already in question and the IJ was not denying relief solely for lack of corroboration, the IJ was not required to determine that letters were reasonably available. *See Biao Yang*, 496 F.3d at 273; *see also Chuilu Liu v. Holder*, 575 F.3d 193, 198 & n.5 (2d Cir. 2009) (distinguishing between corroboration and credibility). Regardless, Singh did not allege that he made any attempt to obtain statements from his father (in Greece) or brother (in the United States). *See* 8 U.S.C. § 1252(b)(4)(B) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence, . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). The IJ also reasonably noted that Singh failed to produce contemporaneous medical

6

records related to the alleged February 2014 attack because the record Singh provided from 2018 references hospital records from 2014.

Finally, the IJ reasonably found it implausible that the police were threatening and assaulting Singh because of his father's political activities from 20 years earlier. "It is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007). The IJ's conclusion was reasonable because Singh alleged that his father left India in 1995, had not been engaged in Indian politics since that time, and, although he stated his father was a "strong" member of the party, he had few details of his father's activities and did not testify that his father had any significant role in the party. Given the absence of major political activism and the lack of country conditions evidence to establish that Indian authorities harass or persecute the families of activists decades later, the IJ did not err in finding the claim implausible. *Id.* at 67 (upholding an implausibility finding that was "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived").

Taken together, the inconsistencies, the lack of reliable corroboration, and the implausibility of Singh's account provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8